United States Court of Appeals,

Fifth Circuit.

No. 96-10612

Summary Calendar.

Murat M. TANIK, Plaintiff-Appellant,

v.

SOUTHERN METHODIST UNIVERSITY;  Jeff Kennington, Defendants-Appellees.

July 3, 1997.

Appeal from the United States District Court for the Northern District of Texas.

Before WISDOM, KING and SMITH, Circuit Judges.

PER CURIAM:

Murat M. Tanik, a native of Turkey, instituted this action against his former employer, Southern Methodist University (SMU) and Jeffrey Kennington, alleging employment discrimination on the basis of his race and national origin.  Tanik asserted claims under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e, *et seq.,* 42 U.S.C. § 1981, § 1985, and § 1986, and Texas Labor code § 21.001, *et seq.*  The district court granted the defendants' motion for summary judgment and dismissed all claims. Tanik appeals.

The elements of the Title VII claim and the § 1983 claim are identical. The court evaluates these claims according to a single analysis.[1]  Similarly, the Texas statute is basically identical

---

[1]*Anderson v. Douglas & Lomason Co.,* 26 F.3d 1277, 1284 n. 1 (5th Cir.1994), *cert. denied,* --- U.S. ----, 115 S.Ct. 1099, 130 L.Ed.2d 1066 (1995).

1

with, and has been interpreted in conformance with, Title VII.[2]

As is well known, in a Title VII case the plaintiff must first establish a prima facie case of discrimination.[3]  To establish a prima facie case in the context of a denial of tenure, the plaintiff must show that:  (1) he belongs to a protected group, (2) he was qualified for tenure, and (3) he was denied tenure in circumstances permitting an interference of discrimination.[4]  If the plaintiff establishes a prima facie case, then he has raised a presumption of discrimination and the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the challenged action.[5]  If the defendant meets this burden by presenting evidence which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action, then the presumption raised by the plaintiff's prima facie case essentially disappears, and the plaintiff is left with the ultimate burden, which has never left him:    that of proving that the defendant intentionally discriminated against him.[6]

---

[2]*Dallas Fire Fighters Ass'n v. City of Dallas, Tex.,* 885 F.Supp. 915, 927 (N.D.Tex.1995).

[3]*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

[4]*Zahorik v. Cornell University,* 729 F.2d 85, 92 (2nd Cir.1984).

[5]*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

[6]*St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 509-12, 113 S.Ct. 2742, 2748-50, 125 L.Ed.2d 407 (1993).

Other circuits have recognized that tenure decisions in colleges and universities involve considerations that set them apart from other kinds of employment decisions.[7]  Those factors are:  (1) tenure contracts require unusual commitments as to time and collegial relationships, (2) academic tenure decisions are often non-competitive, (3) tenure decisions are usually highly decentralized, (4) the number of factors considered in tenure decisions is quite extensive, and (5) tenure decisions are a source of unusually great disagreement.[8]

Tenure decisions are not, however, exempt from judicial scrutiny under Title VII. To prove a prima facie case, a plaintiff may be able to show "departures from procedural regularity", "conventional evidence of bias on the part of individuals involved", or that the plaintiff is found to be qualified for tenure by "some significant portion of the departmental faculty, referrants or other scholars in the particular field".[9]

Considering all the evidence, in the light of the unique nature of the tenure decision, we conclude that there is no evidence that unlawful discrimination played any role in SMU's decision to deny tenure to Tanik and that SMU presented legitimate non-discriminatory reasons for the denial of tenure.  Accordingly, the judgment of the district court is AFFIRMED.

---

[7]*Zahorik v. Cornell University,* 729 F.2d 85, 92 (2nd Cir.1984);  *Kumar v. University of Massachusetts,* 774 F.2d 1, 11 (1st Cir.1985).

[8]*Zahorik,* 729 F.2d at 92-93.

[9]*Id.* at 93-94.