**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-41339
Summary Calendar

KATHY LAWRENCE,

Plaintiff-Appellant,

VERSUS

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON; ERIC VAN
SONNENBERG, M.D., as Chairman of the Department of Radiology,
UTMB and in his personal capacity; GERHARD WITTICH, M.D., as Vice-Chairman
of the Department of Radiology and in his personal capacity,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas

January 5, 1999

Before WISDOM, DUHÉ, and DeMOSS, Circuit Judges.

PER CURIAM:

Kathy Lawrence appeals the district court's order granting summary judgment on her

employment discrimination claims.  Finding no error, we affirm.

BACKGROUND

The following background is substantially derived from the district court's statement of

facts, which has been adopted and incorporated by both parties:

The Radiology Department at the University of Texas Medical Branch ("UTMB") hired

Kathy Lawrence, a white, in October 1988.  Lawrence's pay grade was that of a "Staff Nurse"

and her duties included supervision of approximately three or four nurses working in the

department.  According to Lawrence, her job title was "Nursing Supervisor of the Radiology Department."

After Lawrence had been employed for several years, UTMB expanded the Radiology Department by recruiting two radiologists, Dr. van Sonnenberg and Dr. Wittich.  Dr. van Sonnenberg and Dr. Wittich augmented the department's services, and the department's nursing staff increased from four to ten nurses.  As a result of this expansion, Dr. Wittich, in consultation with the UTMB Director of Administration and Radiology Services, created a new "Nursing Supervisor" position at a higher pay grade.

UTMB posted the opening for the new position and interviewed several candidates, including Lawrence.  UTMB selected Deborah Avie, a black female, to fill the position, and informed Lawrence of its decision on September 13, 1995.  Because she felt entitled to the new position, Lawrence filed a grievance and requested a hearing under the UTMB grievance regulations and procedures.  UTMB, however, did not grant Lawrence a hearing.

Lawrence did not file an employment discrimination grievance with the Equal Employment Opportunities Commission.  Instead, she filed suit against UTMB, Dr. van Sonnenberg, and Dr. Wittich in 212th District Court of Galveston County, Texas, on July 23, 1996.  The state petition primarily asserted breach of contract and intentional infliction of emotional distress claims.  The petition also included general allegations of due process violations and employment discrimination.  Because the discrimination claims were apparently brought under 42 U.S.C. § 1983, the case was removed to federal court on August 29, 1996.  Soon thereafter, Lawrence, contending that she was discriminated against on the basis of her race, filed an Amended Complaint specifying employment discrimination causes of action under 42 U.S.C. §§ 1981, 1983,

2

and 2000d. The Amended Complaint also contained an allegation of age discrimination, which has been abandoned.

On April 30, 1997, the defendants filed a Motion for Summary Judgment. On May 14, 1997, Lawrence filed her response. On June 3, 1997, the defendants filed a reply to Lawrence's response. Lawrence then filed a reply to the defendants' reply on June 11, 1997. On June 24, 1997, the Defendants filed a Motion to Strike Lawrence's last reply, which the district court granted in an Order entered on June 25, 1997.

On October 2, 1997, the district court granted summary judgment for the defendants on Lawrence's federal claims. The district court also noted that the individual defendants, Dr. van Sonnenberg and Dr. Wittich, were entitled to qualified immunity. Finally, the district court remanded Lawrence's state law claims in the 212th Judicial District Court of Galveston County, Texas.

Lawrence timely filed this appeal, in which she argues that the district court erred: (1) by applying a Title VII standard in its analysis of this case; (2) by granting summary judgment because the employer's motive was at issue; (3) by according the individual defendants the defense of qualified immunity; and (4) by abusing its discretion in striking her Reply to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. None of Lawrence's contentions has merit. We affirm.

DISCUSSION

Lawrence's argument that the district court applied the wrong standard in its analysis can be dispensed with quickly. Employment discrimination claims brought under 42 U.S.C. §§ 1981, 1983, and 2000d are analyzed under the evidentiary framework applicable to claims arising under

Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e *et seq.*[1]   In the case at bar, the district court employed the Title VII framework in its analysis.  The district court did not commit error.[2]

We next address Lawrence's contention that the district court erred by granting summary judgment where the motive of the employer was at issue.  We review a district court's grant of summary judgment *de novo*.[3]  Summary judgment is appropriate if the record, viewed in the light most favorable to the non-moving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  "The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavit, if any, which it believes demonstrates the absence of a genuine issue of material fact."[5]  The moving party is not required to negate the elements of the non-moving party's case.[6]  Once the moving party makes and properly supports a motion for summary judgment, the non-moving party "must go beyond the pleadings and designate specific

---

[1]     *See Tanik v. Southern Methodist University*, 116 F.3d 775, 775 (5th Cir. 1997); *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n.2 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047-48 (5th Cir. 1996).

[2]     Lawrence also argues that the district court erred by requiring her to exhaust administrative remedies.  Our reading of the district court's opinion does not reveal that the district court required Lawrence to exhaust administrative remedies on her race discrimination claims under 42 U.S.C. §§ 1981, 1983, and 2000d.  We therefore do not discuss this argument.

[3]     *Walton v. Bisco Industries*, 119 F.3d 368, 370 (5th Cir. 1997).

[4]     FED. R. CIV. P. 56(c).

[5]     *Wallace*, 80 F.3d at 1046-47 (internal quotation and citation omitted).

[6]     *Id.* at 1047. (internal quotation and citation omitted).

facts in the record showing that there is a genuine issue for trial."[7]  Neither "unsubstantiated

assertions" nor "conclusory allegations" can satisfy the non-moving party's burden.[8]  In this

employment discrimination case our focus is on whether a genuine issue exists regarding whether

the defendant intentionally discriminated against the plaintiff.[9]  It is therefore necessary for

Lawrence to present evidence -- not just speculation and conjecture -- that the defendants

discriminated against her on the basis of her race.[10]

Lawrence's allegation of "reverse discrimination" may state a cognizable federal

employment discrimination claim.[11]  As discussed earlier, Lawrence's employment discrimination

causes of action are analyzed under the Title VII framework.[12]  A plaintiff may prove

discrimination either by direct evidence or by an inferential or indirect method of proof.[13]

Because Lawrence has not proffered any direct evidence of discrimination, she must show such

discrimination indirectly.  First, Lawrence must establish a prima facie case of discrimination.  If

she is successful, the defendants may articulate some legitimate, nondiscriminatory reason for the

challenged employment action.  If the defendants successfully articulate such a reason, the

---

[7]     *Id.*

[8]     *Id.*

[9]     *See Grimes v. Texas Department of Mental Health and Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996).

[10]    *See id.*

[11]    *See, e.g., Adarand Constructors, Inc. v. Pena*, 515 U.S. 200 (1995); *Hopwood v. State of Texas*, 84 F.3d 720 (5th Cir. 1996), *cert. denied*, 116 S. Ct. 2580 (1996).

[12]    *See Tanik*, 116 F.3d at 775; *LaPierre*, 86 F.3d at 448 n.2; *Wallace*, 80 F.3d at 1047-48.

[13]    *Rizzo v. Children's World Learning Centers*, 84 F.3d 758, 762 (5th Cir. 1996).

inference of discrimination raised by the prima facie case disappears, and Lawrence must prove, by a preponderance of the evidence, both that the defendants' articulated reason is false and that the defendants intentionally discriminated.[14] To avoid summary judgment, "the evidence taken as a whole must create (1) a fact issue regarding whether each of the employer's stated reasons was what actually motivated it and (2) a reasonable inference that race . . . was a determinative factor in the actions of which plaintiff complains."[15] While the evidence required to support such an inference of discrimination varies from case to case, the evidence proffered by the plaintiff to establish the prima facie case and to rebut the employer's reasons must be "substantial"; otherwise, a jury cannot reasonably infer discriminatory intent.[16]

Because Lawrence cannot show that the defendants' reason for the challenged employment decision is a pretext for unlawful discrimination, we need not concern ourselves with whether Lawrence has established a prima facie case of discrimination.[17] In the case at bar, assuming that Lawrence indeed established a prima facie case, the defendants proffered a legitimate nondiscriminatory reason. UTMB asserts that Lawrence was not selected for the job because she was not the best qualified candidate.[18] As previously discussed, to avoid summary judgment, Lawrence must raise a genuine issue of fact concerning whether UTMB's proffered

---

[14] *See Walton*, 119 F.3d at 370 (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510-11 (1993); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981)).

[15] *Id.*

[16] *Id.*

[17] *See Britt v. Grocers Supply Company, Inc.*, 978 F.2d 1441, 1450 (5th Cir. 1992).

[18] Although the summary judgment evidence is inadequate for determining with certainty whether UTMB's failure to select Lawrence for the new Nursing Supervisor position was based strictly on professional qualifications, UTMB's contention is plausible.

reason for its employment decision was pretextual.[19]  To succeed in this endeavor, she must raise fact issues that the reason for the employment decision was false and that discrimination was the real reason.[20]

In the instant case, Lawrence has proffered no evidence of discriminatory motive, and therefore has not raised the requisite factual issues to survive defendants' motion for summary judgment.  Lawrence's own affidavit regarding the terms and nature of her employment, her job title and description, her performance, her credentials, and the credentials of Deborah Avie, as well as the actions of Dr. van Sonnenberg and Dr. Wittich, contains nothing that raises an inference of discriminatory intent on the part of the defendants.  Likewise, Lawrence's subjective belief that she was not selected for the new Nursing Supervisor position based upon race or age is also insufficient to create an inference of the defendants' discriminatory intent.  Indeed, "a subjective belief of discrimination, however genuine, [may not] be the basis of judicial relief."[21] Similarly, Lawrence's reliance upon the depositions and affidavits of UTMB doctors and staff is also insufficient.  Such testimony contains nothing that shows, either directly or indirectly, discriminatory intent on the part of the defendants.  This testimony demonstrates only that these people thought Lawrence was the "Nursing Supervisor."  Importantly, two of the doctors, in their depositions, deny any knowledge or belief that Avie was hired in place of Lawrence based on race

---

[19]    *See Britt*, 978 F.2d at 1450 ("In the context of summary judgment . . . , the question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext.").

[20]    *See Walton*, 119 F.3d at 370.

[21]    *Elliott v. Group Medical & Surgical Service*, 714 F.2d 556, 567 (5th Cir. 1983).  *See also Grimes*, 102 F.3d at 139; *Britt,* 978 F.2d at 1450.

or age considerations.[22]

Because Lawrence has proffered no evidence of discriminatory motive, she has not raised the requisite factual issues concerning whether the defendants' reasons were a pretext for discrimination. Summary judgment for the defendants was therefore proper. Additionally, because we hold that Lawrence failed to raise a genuine issue of material fact on her claims on the merits, we affirm summary judgment without reaching the issue of qualified immunity.[23]

Finally, we address Lawrence's argument that the district court erred by striking her Reply to Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. We have reviewed the record and find this contention to be without merit. The district court did not err by striking Lawrence's reply.

## CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[22] Lawrence also argues that she proffered summary judgment evidence that UTMB did not follow its own policies and procedures by not allowing her due process safeguards, such as notice and a hearing, thereby denying Lawrence her due process rights under the Fourteenth Amendment to the United States Constitution. Our review of the record reveals that Lawrence suffered no adverse action under these policies, and was therefore not entitled to a grievance with the defendants.

[23] *Wallace*, 80 F.3d at 1047 (citing *Quives v. Campbell*, 934 F.2d 668, 669 (5th Cir. 1991)).