**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

Summary Calendar
No. 02-30280
_____

CLAUDELL A. LANDRY,

Plaintiff-Appellant,

versus

HOWARD ZERANGUE, SR, Individually
and in his official capacity as Sheriff,
St Landry Parish; SHERIFF'S DEPARTMENT ST LANDRY PARISH,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
00-CV-1510
_____

October 28, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff Claudell Landry appeals the district court's

grant of summary judgment in favor of Defendant Howard Zerangue,

Sr. on Landry's Americans with Disabilites Act and Title VII sex

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discrimination claims.[1]   Landry appeals on two grounds: (1) the district court erred in granting summary judgment without hearing oral arguments from Landry's counsel and (2) there are genuine issues of material fact that preclude summary judgment in favor of Zerangue.  Finding no reversible error in the judgment, we AFFIRM.

Landry first argues that the district court committed reversible error by entering summary judgment in favor of Zerangue prior to the purported hearing date.  Specifically, Landry argues that the court moved the hearing date on her opposition to Zerangue's motion for summary judgment from January 17, 2002 to February 14, 2002 without sufficient notice as required under the district court's local rules and that the district court erred in granting summary judgment at the January 17 hearing without having heard oral arguments from Landry's counsel.

We find Landry's argument to be without merit.  The record plainly indicates that the court set the hearing for Zerangue's summary judgment motion on January 17, 2002 and that the hearing set for February 14, 2002 was on Landry's cross-motion for summary judgment.  Landry argues that a January 15th amended notice changed the hearing on Landry's opposition to Zerangue's motion

---

[1]Defendant Sheriff's Department St. Landry's Parish was dismissed by the district court because Landry failed to serve the Sheriff's Department within 90 days of the institution of the case. Landry did not appeal this ruling.  Additionally, Landry does not appeal the dismissal of her state law claims.

from January 17th to February 14th. The January 15th notice, however, clearly refers to Landry's cross-motion for summary judgment. It does not refer to Zerangue's summary judgment motion or Landry's opposition. Thus, Landry's argument that Zerangue's motion was granted without proper notice to Landry is without merit.

Furthermore, the district court's grant of summary judgment without Landry's oral argument is not improper. Courts need not hold oral arguments on motions. <u>See</u> <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. Aries Marine Corp.</u>, 932 F.2d 442, 445 (5th Cir. 1991) (recognizing district court's power to grant summary judgment <u>sua sponte</u> provided proper notice is given). Landry received sufficient notice as to when the motion would be heard and taken under advisement by the court's notice dated December 10, 2001. Landry filed her brief in opposition to Zerangue's motion for summary judgment on December 17, 2001. Thus, the district court did not err in granting summary judgment for Zerangue despite the failure of Landry's counsel to appear for the hearing.

In any event, any error in this case is harmless. After the district court granted summary judgment Landry filed a "Motion to Vacate the Judgment and/or New Trial and (Alternatively) Request for Oral Argument and Written Reasons for Judgment." The court denied this motion, except with respect to the request for written

3

reasons. Since Landry had an opportunity to provide additional evidence and arguments after the court's grant of summary judgment, any error by the court is harmless. See <u>Winters v. Diamond Shamrock Chem. Co.</u>, 149 F.3d 387, 402 (5th Cir. 1998).

We review the district court's grant of summary judgment de novo. <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998); Fed. R. Civ. P. 56(c). At the summary judgment stage, a court may not weigh the evidence or evaluate the credibility of witnesses, and all justifiable inferences will be made in the nonmoving party's favor. <u>Id.</u> (<u>citing Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513-14, 91 L. Ed. 2d 202 (1986)). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)(<u>en banc</u>).

The ADA prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that she has

4

a disability.  De la Torres v. Bolger, 781 F.2d 1134, 1136 (5th Cir.1986).  The ADA defines a disability as follows: (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.  42 U.S.C. § 12102(2).

Landry did not produce any evidence to support her claim that she is disabled within the meaning of the ADA.[2]  Landry has not identified what major life activities she believes are limited by her cervical neuropathy.  Landry points to the opinion of Dr. Calvin White, her treating physician, that she could not perform the job tasks assigned to her position at the communications desk and that she should be placed on an indefinite medical leave.  The treating physician's opinion is no more specific than this.  Additionally, Dr. White, in his deposition testimony that is in the record, did not identify any major life activity which Landry could not perform.  As a matter of law, the inability to perform a particular job does not constitute an substantial limitation to working.  Sherrod v. American Airlines, 132 F.3d 1112, 1120 (5th

---

[2]Landry in her opening brief does not provide any citations to the record at all, let alone any cites identifying any evidence that raises an issue of material fact.  The facts addressed here are found in Landry's reply brief (although lacking citation to the record) and by the Court's review of the record.  The Court would observe that Landry's failure to support her brief with citations to the record and to the relevant case law violates Fed. R. App. P. 28(a)(6) and 5th Cir. R. 28.2.3

Cir. 1998). Thus, Landry failed to raise an issue of material fact as to whether she is disabled within the terms of the ADA.

Furthermore, to recover under the ADA, Landry must establish that she is a "qualified individual." 42 U.S.C. § 12111(8). To be a qualified individual, Landry must show she can perform the essential functions of the employment position that such individual holds or desires, with or without reasonable accommodation. Rogers v. Int'l Marine Terminals, 87 F.3d 755, 759 (5th Cir. 1996). Landry did not produce any evidence that she could perform her job with or without reasonable accommodation.

The district court held that Landry did not raise a genuine issue of material fact that she was disabled or that she is a qualified individual under the ADA. Upon review of the record, we agree. Landry failed to produce any evidence that she is substantially limited from any major life activity

Landry also brings a claim under Title VII of the Civil Rights Act of 1964 alleging disparity in pay and treatment on account of Landry's sex. To establish a Title VII discrimination claim Landry must establish that 1) she was a member of a protected class, (2) she was qualified for the position she lost, (3) she suffered an adverse employment action, and (4) that others similarly situated were more favorably treated. Urbano v. Continental Airlines, 138 F.3d 204, 205 (5th Cir. 1998).

6

If Landry establishes her prima facie case, Zerangue has the opportunity to rebut the inference of discrimination by producing a legitimate, non-discriminatory business justification for the action under the McDonnell-Douglas burden shifting approach. Lacy v. Sitel Corp., 227 F.3d 290, 293 (5th Cir. 2000) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). To avoid summary judgment, Landry must show that the evidence creates (1) a fact issue regarding whether each of the employer's stated reasons was what actually motivated it and (2) a reasonable inference that sex was a determinative factor in the actions of which plaintiff complains. Lawrence v. University of Texas Medical Branch at Galveston, 163 F.3d 309, 312 (5th Cir. 1999). The plaintiff must proffer "substantial" evidence to establish the prima facie case and to rebut the employer's reasons must be "substantial. Id. On appeal, Landry provides no citations to the record of any evidence that raises an issue of material fact. Nor does this court find any. Thus, we agree with the trial court in its grant of summary judgment on the Title VII claim.

Landry also appeals the court's taxing costs against her. Landry again provides no citation to any law supporting her argument. We do not find any error in the district court's decision to tax costs.

7

### III. CONCLUSION

Because we find no reversible error in the district court's decision to grant of summary judgment, the judgment of the district court is **AFFIRMED**.