# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

No. 13-40867

Lyle W. Cayce
Clerk

PARKER PERRET; PATRICIA PENN PIERRE AS EXECUTRIX OF THE ESTATE OF MELVIN PIERRE, SR., DECEASED,

Plaintiffs - Appellants Cross-Appellees

v.

NATIONWIDE MUTUAL INSURANCE COMPANY,

Defendant - Appellee Cross-Appellant

Appeals from the United States District Court
for the Eastern District of Texas

Before KING, GRAVES, and HIGGINSON, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

A jury found that Nationwide Mutual Insurance Company ("Nationwide") constructively discharged Parker Perret because of his age, and constructively discharged Melvin Pierre, Sr.[1] because of his age and race, in violation of the Texas Commission on Human Rights Act ("TCHRA"). Because we find insufficient evidence to support the verdict of constructive discharge, we reverse.

---

[1] Pierre passed away after this case was appealed. His claims are now presented on behalf of his estate through the executrix named for his estate, his surviving spouse, Patricia Penn Pierre.

## I. Factual and Procedural Background

Perret and Pierre (collectively "Plaintiffs") were insurance sales managers employed at Nationwide, and worked for the same supervisor, Brian McCulloch. They were the two oldest managers in their region, and Pierre was the only African-American manager in the region. At trial, Plaintiffs produced evidence showing that although they were at or near the top of their region in sales, in November 2009 they were placed on coaching plans. Plaintiffs contended that the coaching plans were based on minor or trivial performance issues, included vague and subjective criteria that were impossible to meet, and did not comply with company policies regarding such plans. Perret and Pierre became suspicious that the purpose of the coaching plans was to lead to termination. Nationwide contended that the plans were based on performance deficiencies.

On April 22, 2010, McCulloch notified Perret that due to his failure to improve in accordance with the coaching plan, he was being placed on a Performance Improvement Plan ("PIP"), which Perret testified was the final stage in Nationwide's process for terminating employees. Perret qualified for a sales bonus for meeting his first quarter sales goals, but Nationwide withheld Perret's bonus because he was on a PIP. Perret resigned on May 24, 2010. Similarly, Pierre was placed on a PIP around April 2010. Almost immediately after being placed on the PIP, Pierre took medical leave. After being on leave for over two months, Pierre resigned on July 3, 2010. Because Pierre's resignation would adversely impact the disability payments Pierre was receiving, McCulloch testified that he asked Pierre to rescind his resignation, but Pierre declined to do so.

Plaintiffs separately filed lawsuits against Nationwide under the TCHRA. Nationwide removed the suits to federal court. The district court joined the two cases for trial. Perret contended at trial that his coaching plan

2

and PIP were pretexts for age discrimination and that Nationwide singled him out for termination because he was one of the two oldest managers in the region. Pierre contended that his coaching plan and PIP were pretexts for age and race discrimination and that Nationwide singled him out for termination because he was one of the two oldest managers and the only African-American manager in the region, although he conceded at trial that he was treated identically to Perret, who is white. The jury found that Nationwide constructively discharged Perret because of his age, and constructively discharged Pierre because of his age and race. However, the jury also found that Nationwide proved it would have placed Perret and Pierre on coaching plans and PIPs even if it had not considered age or race. This mixed motives verdict precluded Plaintiffs from receiving monetary damages under Texas law. *See* Texas Labor Code § 21.125(b). The district court denied Nationwide's motion for judgment as a matter of law, awarded costs to Plaintiffs, and denied Plaintiffs' motion for attorneys' fees.

Perret and Pierre appeal, and challenge the district court's limitation of the testimony of a previous Nationwide employee and the district court's denial of attorneys' fees. Nationwide cross-appeals, and challenges the district court's denial of its motion for judgment as a matter of law.

## II. Discussion

We review the district court's denial of Nationwide's motion for judgment as a matter of law de novo, but the standard with respect to a jury verdict is "especially deferential." *EEOC v. Serv. Temps Inc.*, 679 F.3d 323, 336 (5th Cir. 2012) (quotation omitted). We reverse only if "'no reasonable jury could have arrived at the verdict." *Id.* (quotation omitted); *see* Fed. R. Civ. P. 50(a)(1).

"In determining whether an employer's actions constitute a constructive discharge we ask whether 'working conditions [became] so intolerable that a reasonable person in the employee's position would have felt compelled to

3

resign.'" *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 480 (5th Cir. 2008) (quoting *Pennsylvania State Police v. Suders*, 542 U.S. 129, 141 (2004)); *see Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 805 (Tex. 2010). We have previously identified several factors relevant to constructive discharge, including:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer were accepted or not.

*Aryain*, 534 F.3d at 481 (quoting *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 771-72 (5th Cir. 2001)).

In addition, a plaintiff may be constructively discharged if the employer gives the employee an ultimatum to quit or be fired. *See Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997); *Jenkins v. State of La., Through Dep't of Corrs.*, 874 F.2d 992, 996 (5th Cir. 1989); *Davis v. City of Grapevine*, 188 S.W.3d 748, 766 (Tex. App. 2006). However, in these ultimatum cases, courts have required something beyond the employee's subjective belief that termination was inevitable. For example, in *Davis*, the plaintiff presented evidence that his managers informed him that "it would be in his best interest if he decided to resign rather than be terminated because future employers may ask the City whether Davis resigned or was terminated." *Davis*, 188 S.W.3d at 766. Likewise, in *Faruki*, the plaintiff presented testimony that his supervisor had told him he should find another job, and that he had one week before he would be placed on indefinite unpaid leave. *Faruki*, 123 F.3d at 319; *see also Stephens v. C.I.T. Grp./Equip. Fin., Inc.*, 955 F.2d 1023, 1027-28 (5th Cir. 1992) (holding that employee "reasonably could have believed that his demotion was a harbinger of dismissal" where there was a demotion,

continuing limitations on the employee's salary and responsibility, and a supervisor repeatedly asked him whether he was going to quit his job).

Plaintiffs contend that Perret and Pierre were pre-selected for termination because of their age and/or race, that Nationwide did not fairly evaluate their compliance with the coaching plans and PIPs, and that the result of the coaching plans and PIPs was intended to be and would inevitably have been termination. However, while there is evidence that Plaintiffs' 2010 first quarter bonuses were withheld because they were on PIPs, Plaintiffs produced no evidence of any of the other factors we have deemed relevant to constructive discharge. *See Aryain*, 534 F.3d at 481. There is no evidence of demotion, reassignment, reduction in responsibilities, harassment, or humiliation, and no evidence that any supervisor or manager ever advised plaintiffs to resign or asked them whether they would resign. *See id.*; *Faruki*, 123 F.3d at 319; *Davis*, 188 S.W.3d at 766. Indeed, Pierre was on medical leave for the two months prior to his resignation, making it difficult to find that he was subjected to "working conditions so intolerable that a reasonable person would have felt compelled to resign." *Suders*, 542 U.S. at 147; *see Aryain,* 534 F.3d at 480. There is likewise no evidence showing that PIPs inevitably lead to termination of managers in Perret's or Pierre's position. Absent something more, we cannot conclude that Nationwide's use of employee improvement plans created a situation in which a reasonable employee would have felt compelled to resign.

Because there is insufficient evidence of constructive discharge, we reverse the district court's denial of Nationwide's motion for judgment as a

matter of law. Is it thus unnecessary for us to address any further issues raised by the parties on appeal.[2]

## III. Conclusion

The judgment is REVERSED, and we remand to the district court with instructions to enter judgment for Nationwide.

---

[2] Plaintiffs challenged the district court's limitation of the testimony of Brad Carducci, former Associate Vice-President of Sales of the Central Plains region at Nationwide. The district court allowed Carducci to testify about his experience with coaching plans and PIPs, including how the company trained him to implement such tools. However, the district court excluded Carducci's opinions evaluating Perret and Pierre's coaching plans and PIPs as expert testimony that had not been properly noticed before trial. On appeal, Plaintiffs argued that Carducci's excluded testimony was not expert testimony, and that Carducci's additional testimony would have supported their position that the coaching plans and PIPs were pretexts for discrimination. To the extent Plaintiffs' arguments regarding Carducci's testimony could be construed as an argument that Carducci's additional testimony would have supported a finding of constructive discharge, we find that the district court did not err in limiting Carducci's testimony, for substantially the reasons given by the district court in its denial of Nationwide's motion for a new trial.