# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 17, 2022

Lyle W. Cayce
Clerk

No. 21-30533
Summary Calendar

Marcus S. Babaoye,

*Plaintiff—Appellant*,

*versus*

Board of Supervisors of the Louisiana Community and
Technical College System, incorrectly named as South
Louisiana Community College; Natalie Harder,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CV-960

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Marcus Babaoye ("Babaoye") was terminated from his position as a vice chancellor at South Louisiana Community College ("SLCC"). He sued, alleging discrimination and retaliation under Title VII, interference with

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

contracts, hostile work environment, and defamation. Defendants SLCC and Babaoye's former supervisor, Natalie Harder, ("Harder," collectively, "Defendants") moved for summary judgment. Plaintiff failed to timely file a response, and the district court granted summary judgment for Defendants. Babaoye moved for reconsideration, which the district court denied. He now appeals. We AFFIRM.

## I.     BACKGROUND

Marcus Babaoye, former Vice Chancellor of Institutional Effectiveness and Innovation at South Louisiana Community College ("SLCC"), claims his employer terminated him because of his race (African-American) and national origin (Nigerian) and that he was retaliated against because he recommended hiring a minority employee. His complaint also alleges hostile work environment, interference with contracts, and defamation.

On June 23, 2021, after discovery concluded and Babaoye and Harder had been deposed, Defendants moved for summary judgment arguing that the evidence showed there were no genuine issues of fact that Babaoye's termination was due to race or national origin, that Babaoye failed to show Defendants' proffered reason for his termination was pretextual, and that Babaoye's claims failed as a matter of law. Babaoye filed a response on July 16,2021, one day after the deadline set by the district court's scheduling order. The district court granted summary judgment for Defendants six days later, on July 22, 2021, and declined to consider Babaoye's untimely response. In its brief ruling, the district court held that there were no genuine issues of fact based on its review of the pleadings, the depositions, the motion for summary judgment, and the evidence.

On July 26, 2021, Babaoye filed a document styled "MOTION FOR RECONSIDERATION AND FOR PERMISSION TO CONSIDER

No. 21-30533

PLAINTIFF'S TARDY BRIEF" which stated that "the tardy brief was due to an inadvertent error in counting the days for submission." Babaoye also asserted that the district court had failed to analyze the law on summary judgment and was unclear in its reasoning. On July 28, 2021, the district court, noting the "heavy burden" borne by Babaoye to show "manifest error of law or fact," denied the motion, treating it as a request to alter judgment under Federal Rule 59(e). The district court reiterated that it granted summary judgment based on the merits of Defendants' motion and that Babaoye had both failed to show the existence of genuine fact disputes and establish prima facie cases for discrimination.

## II.     DISCUSSION

On appeal, Babaoye asserts that the district court erred when it (1) granted summary judgment for Defendants on the discrimination and retaliation claims, [1] and (2) denied his motion for reconsideration. We disagree.

### A.     Grant of Summary Judgment

We review a grant of summary judgment de novo. *Wiltz v. Bayer CropScience, Ltd. P'ship*, 645 F.3d 690, 694 (5th Cir. 2011). Although a district court may not grant summary judgment simply because a party's motion is unopposed, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c)," then "the [district] court may . .

---

[1] Because Babaoye does not challenge summary judgment as to any of his other claims, including interference with the right to make and enforce contracts, hostile work environment, and defamation, he has abandoned these claims. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("An appellant abandons all issues not raised and argued in its initial brief on appeal . . . A party who inadequately briefs an issue is considered to have abandoned the claim.").

3

. consider the fact undisputed for the purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e); *see also Calais v. Theriot*, 589 Fed.App'x. 310, 311 & n.4 (5th Cir. 2015) (per curiam).

Babaoye argues that the following instances—among others—should have precluded summary judgment despite his failure to timely file an opposition: (1) the termination of several members of his staff; (2) SLCC's failure to provide him with a secretary or assistant; (3) the lack of cooperation he experienced from his co-workers; (4) his being reprimanded for correcting false enrollment data; and (5) the purported publication of his termination online. Defendants point to written documentation from Babaoye's personnel file to support their assertion that Babaoye was terminated due to poor performance. They also argue that Babaoye failed to show all essential elements of his claims.

Upon review of Defendants' motion for summary judgment, as well as the supporting evidence, we conclude that the district court did not err in granting summary judgment. Babaoye has failed to establish a genuine issue of fact that his termination was due to any discriminatory intent. *See Tanik v. S. Methodist Univ.*, 116 F.3d 775, 776 (5th Cir. 1997) (per curiam). To establish a prima facie case of discrimination, Babaoye must show: (1) he is a member of a protected class; (2) he was qualified for the position at issue; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009).

No. 21-30533

Assuming without deciding the first three elements have been met, Babaoye has failed to provide *any* evidence to evaluate whether the other vice chancellors were similarly situated to him either in job requirements or disciplinary history or whether and how they operated in "nearly identical circumstances." *Id.* (reasoning that the fourth element is satisfied where "the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories." (citing cases)). So he has failed to satisfy the fourth element for discrimination.

Even if Babaoye had established a prima facie case of discrimination, he has failed to refute Defendants' contention that he was terminated due to numerous workplace violations. These documented violations—which were submitted as evidence in Defendants' motion for summary judgment— included providing incorrect data to his supervisor, failing to perform certain job responsibilities, and failing to follow instructions on multiple occasions.

The record also supports granting summary judgment on Babaoye's retaliation claim because he has not provided evidence that Defendants retaliated against him because he recommended hiring a minority employee.[2] To establish a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in a Title VII protected activity; (2) he was subject to an adverse employment action; and (3) there was a but-for causal connection between his employment in the protected activity and the adverse employment action. *Harville v. City of Houston, Mississippi*, 945 F.3d 870 (5th

---

[2] To the extent Babaoye now bases his retaliation claim on the allegation that Defendants "post[ed] his termination on the school website, when no other postings are made," this argument was not raised before the district court. It was only raised in the context of his now-abandoned defamation claim. As such, we do not consider this argument. *See Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021)

Cir. 2019). The Fifth Circuit has stated that "the ultimate issue on summary judgment" is whether the evidence "support[s] a finding that [the plaintiff] would not have been fired in the absence of [him] having engaged in protected conduct." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 409 (5th Cir. 1999). As discussed *supra*, Babaoye does not rebut any of the reasons Defendants have proffered for his termination. Assuming that Babaoye's recommendation of a minority hire was indeed a protected activity, the undisputed facts nonetheless indicate that Babaoye was *not* fired for any protected conduct but rather for poor performance.

Accordingly, because the uncontroverted evidence presented by Defendants showed no genuine disputes of material fact, summary judgment was appropriate. *Wiltz*, 645 F.3d at 694.

### B.    Denial of Motion to Reconsider or Alter Judgment

While not explicitly articulated in Babaoye's briefing as a reason for reversal, Babaoye questions the district court's denial of his "motion for reconsideration." Although Babaoye's motion is styled "MOTION FOR RECONSIDERATION AND FOR PERMISSION TO CONSIDER PLAINTIFF'S TARDY BRIEF," this court considers "a motion for reconsideration filed within 28 days of final judgment as a Federal Rule of Civil Procedure 59(e) motion to alter or amend the district court's judgment."[3] *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). Our court reviews the district court's denial of a motion to alter or

---

[3] To the extent Babaoye's motion could be construed as a motion for leave to file an out of time opposition, *see* Fed. R. Civ. P. 6(b)(2), the district court did not abuse its discretion by refusing to consider Babaoye's opposition given that the only provided explanation for tardiness was an "inadvertent error in counting the days for submission." *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 (5th Cir. 2006) (listing factors to be considered in granting leave to untimely file).

amend the judgment for abuse of discretion. *See ICEE Distribs., Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006).

To prevail under Rule 59(e), the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot . . . raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holding, Inc.,* 926 F.3d at 128. (internal quotation marks and citation omitted). Relevant here, a "manifest error" is an obvious error that "is plain and indisputable, and that amounts to a complete disregard of the controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (internal quotation marks and citation omitted). Babaoye asserts that the district court's denial of his motion was ambiguous and does not "promote the purposes of [s]ummary [j]udgment." But, the district court was clear—it denied the motion because Babaoye "merely recite[d]" arguments that could have been raised earlier but failed to do so. Babaoye fails to "clearly establish either a manifest error of law or fact," and we perceive no abuse of discretion in the district court's denial of Babaoye's motion for reconsideration. *See Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

## III.   CONCLUSION

For the foregoing reasons, we AFFIRM the judgment and the denial of the motion for reconsideration.