# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2023

Lyle W. Cayce
Clerk

No. 23-10201
Summary Calendar

Anoosh Rakhshandeh,

*Plaintiff—Appellant*,

*versus*

Texas Tech University,

*Defendant—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CV-110

Before Elrod, Oldham and Wilson, *Circuit Judges*.

Per Curiam:[*]

Anoosh Rakhshandeh appeals the district court's grant of summary judgment on his Title VII claim based on national origin and religion. Because the district court did not err when it determined that Rahkshandeh was not denied tenure, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10201

## I

Texas Tech University hired Rakhshandeh as a tenure-track assistant professor for its animal science department in 2013. Promotion to a professor with tenure is an eight-step process at Texas Tech, culminating in a recommendation for or against tenure from the President of the university to the board of trustees. Only the President or board of trustees may grant or deny tenure. Every other layer of review gives either a recommendation for or against granting tenure and moves to the next step.

In 2018, his final year of eligibility, Rakhshandeh applied for tenure. The first layer of review, a departmental vote of professors with tenure, gave a unanimous recommendation against granting tenure. The second layer of review was a recommendation from the department head, Dr. Michael Orth, who also recommended against granting tenure. Rakhshandeh met with Orth who told him that he spoke with the dean of the college and the provost, and both said his tenure application had no chance of success at the higher levels of review; Rakhshandeh subsequently confirmed this with both officials. Worrying about the prospect of a tenure denial in his file, Rakhshandeh, with Orth's encouragement, withdrew his application for tenure. Because 2018 was his final year of eligibility, Rakhshandeh was not able to apply for tenure again and was given a terminal appointment, ending his career at Texas Tech in May 2020.

Rakhshandeh sued Texas Tech, alleging Title VII violations based on national origin and religion. Texas Tech moved to dismiss for lack of jurisdiction alleging standing and ripeness issues and failure to state a claim, on the ground that an adverse employment action had not occurred. The district court denied the first motion because the jurisdictional argument was intertwined with the merits of the claim but requested supplemental briefing

on the second question and converted it into a motion for summary judgment. The district court granted Texas Tech's motion for summary judgment and Rahkshandeh timely appealed.

## II

"We review a grant of summary judgment *de novo*[.]" *Tex. Ent. Ass'n, Inc. v. Hegar*, 10 F.4th 495, 504 (5th Cir. 2021) (quoting *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 255 (5th Cir. 2020)). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in that party's favor." *King v. U.S. Bank, N.A.*, 853 F. App'x 971, 973 (5th Cir. 2021).

In tenure denial cases, the plaintiff must state a prima facie case of discrimination by showing: (1) he belongs to a protected group; (2) he was qualified for tenure; and (3) he was denied tenure in circumstances permitting an inference of discrimination. *Tanik v. S. Methodist Univ.*, 116 F.3d 775, 776 (5th Cir. 1997). The district court determined that Rakhshandeh was not denied tenure because he voluntarily withdrew his application before a final decision and therefore failed to state a prima facie case of discrimination, even if the other two elements were met. We agree. It is true a final decision denying tenure may be an adverse employment action. *Id.* (noting that denial of tenure decisions are not exempt from judicial scrutiny). However, a withdrawal of a tenure application before it can be denied is not an adverse employment action. *Okruhlik v. Univ. of Arkansas*, 395 F.3d 872, 879 (8th Cir. 2005) (holding that intermediate recommendations do not constitute adverse employment actions for

No. 23-10201

purposes of Title VII denial of tenure claims). Accordingly, the district court correctly determined that Rakhshandeh was not denied tenure.

Rakhshandeh also argues for the first time on appeal that because Orth encouraged Rakhshandeh to withdraw his application for tenure, he was constructively discharged. We have recognized constructive discharge when conditions become so intolerable a reasonable employee would feel compelled to resign. *Perret v. Nationwide Mut. Ins. Co.*, 770 F.3d 336, 338 (5th Cir. 2014) (quoting *Aryain v. Wal–Mart Stores Texas LP,* 534 F.3d 473, 480 (5th Cir. 2008)). We also recognize constructive discharge when the employee receives an ultimatum to "quit or be fired." *Id.* We decline to address whether Rakhshandeh's withdrawal of his tenure application would arise to the level of constructive discharge because this issue was not properly presented to the district court. Arguments not presented to the district court are forfeited. *Garcia v. Orta*, 47 F.4th 343, 349 (5th Cir. 2022).[1]

The district court correctly determined that Rahkshandeh was not denied tenure. Accordingly, the district court's grant of summary judgment is AFFIRMED.

---

[1] The Fifth Circuit recognizes two exceptions when an argument not presented to the district court may be argued before the court of appeals. *Rollins v. Home Depot USA*, 8 F.4th 393, 398 (5th Cir. 2021). They are: (1) if a court's subject-matter jurisdiction is implicated; and (2) if the question is one of pure law and not answering it would be unjust. *Id.* Here, the court's subject matter jurisdiction is not in question as the issue before us is a federal question. In addition, this question is not purely one of law because whether the recommendation to withdraw a tenure application is a constructive discharge involves questions of fact. As no exception to the general rule applies, we decline to address the issue of constructive discharge.