Sidney L. WALKER, Plaintiff,

v.

J.E. MERIT CONSTRUCTORS, INC., Defendant.

Civ. A. No. S87–0296(R).

United States District Court, S.D. Mississippi, S.D.

March 10, 1988.

Firnist J. Alexander, Jr., Jackson, Miss., for plaintiff.

Martha C. Perrins, Atlanta, Ga., Gerald C. Gex, Bay St. Louis, Miss., William C. Markley, Jr., Pasadena, Cal., for defendant.

## MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This cause is before this Court on Motion of the defendant, J.E. Merit Constructors, Inc. (hereinafter referred to as "J.E. Merit"), for Summary Judgment on the claims brought against it by the plaintiff Sidney L. Walker (hereinafter referred to as "Walker"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Motion for Summary Judgment was filed by the

defendant on December 24, 1987. Pursuant to the Uniform Local Rules for the United States District Courts for the Southern District of Mississippi, specifically Rule 8(d), the plaintiff Walker had ten (10) days in which to respond. As of the date of this opinion, the ten-day period, as computed by Rule 6 of the Federal Rules of Civil Procedure, has run and the plaintiff has not responded.

A careful review of the pleadings, exhibits, submitted affidavits, and memorandum of law moves this Court to find the following Uncontroverted Findings of Facts and Conclusions of Law.

## UNCONTROVERTED FINDINGS OF FACTS

The plaintiff was first employed by J.E. Merit as a pipefitter from December 29, 1980, to August 14, 1981, during the original construction phase of the Borg–Warner Chemicals project in Port Bienville, Mississippi. Construction work at this site was sporadic, and personnel requirements fluctuated on a daily basis depending upon the progress of the construction and the skills required at each particular stage. Specific crafts were employed only until the portion of the project they were working on was completed, and then they were laid off. Although the plaintiff was eventually laid off when the work requiring his craft was completed, he raised no allegations of racial discrimination during this period.

The period from which the plaintiff's claims do arise begins on September 16, 1985, when the plaintiff was again hired by J.E. Merit as a pipefitter for the expansion phase of the Borg–Warner project. Walker was then promoted on February 24, 1986, to foreman in the piping department. This was his first supervisory position.

In July of 1986, Walker expressed interest in a general foreman position in the piping department, after which two general foreman positions became available. Both of these positions were filled by minorities.

The first piping foreman position was filled by Ronnie D. Eppinett, an American Indian, on August 26, 1986. Eppinett was a former general foreman who had been laid off on July 10, 1986, due to a reduction in force. The second position was filled by Lecter J. Cuevas, Jr., an Hispanic, on September 8, 1986. Cuevas had supervisory experience before his employment with J.E. Merit and had performed well as a piping foreman with J.E. Merit since April 28, 1986.

On August 22, 1986, Walker filed Charge No. 131–86–1750 with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"). This charge alleged a discriminatory failure to promote.[1]

On September 2, 1986, the plaintiff was reprimanded for safety violations committed by employees under his supervision for his failure to assist his crew in the proper assembly of a fire monitoring station, which resulted in the breaking of this equipment. The plaintiff was notified that a reoccurrence of this safety violation could result in his termination.

On September 3, 1986, J.E. Merit received notice of the plaintiff's first EEOC charge, No. 131–86–1750, regarding the alleged discriminatory failure to promote. On September 12, 1986, Walker filed another EEOC charge, No. 131–86–1877, alleging a retaliatory reprimand.[2]

In the period of time between August 1 and October 13, 1986, major cutbacks in personnel took place at the project, resulting in the reclassification and layoff of several foremen. Six piping foremen were reclassified and two piping foremen were laid off. Of the eight piping foremen, six were white. Walker was reclassified from piping foreman to pipefitter on October 6, 1986.

On that same day, Walker filed an amendment to EEOC Charge No. 131–86–1877 regarding an alleged retaliatory demotion.[3]

---

1. A right to sue letter for this charge was issued on October 24, 1986.

2. A right to sue letter was issued on October 24, 1986.

3. A right to sue letter was issued on October 24,

In late October, 1986, further cutbacks in personnel were necessary. On October 23, 1986, Walker was laid off from his position as a pipefitter. During the same time period, five white employees, in addition to Walker, were also laid off.

On October 28, 1986, Walker filed the present lawsuit. He also filed on December 2, 1986, EEOC Charge No. 131–87–0300, which alleges a retaliatory layoff.[4]

## CONCLUSIONS OF LAW

The plaintiff has alleged that this Court has jurisdiction of the instant case since the issues raised are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e *et seq.*, and pursuant to 42 U.S.C. Section 1981 and 42 U.S.C. Section 1983. The Court is of the opinion that for the reasons set forth below this Court has no basis for jurisdiction of this action pursuant to § 1983. Further, the Court finds that no genuine issue of material fact exists regarding plaintiff's Title VII and § 1983 claim and that the instant action is ripe for summary judgment.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the movant shows the Court that it is entitled to summary judgment as a matter of law, the burden shifts to the resisting party to show why summary judgment is not proper. *Nicholas Acoustics and Specialty Co. v. H & M Construction Co.*, 695 F.2d 839, 844 (5th Cir.1983). The non-movant is then obligated to present competent evidence setting forth specific facts to illustrate the existence of a genuine issue of material fact for trial. *Id.* The resisting party may not create a genuine dispute simply by alleging that a dispute exists. *Id.* "When a motion for summary judgment is made

and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.*" Fed.R.Civ.P. 56(e) (emphasis added). "[B]are bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard, et al. v. City of Greenwood, Miss., et al.*, 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.*, 695 F.2d 839, 845 (5th Cir.1983)). Again, the plaintiff has not responded.

The United States Supreme Court recently addressed the law as regards summary judgment in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265, 273–74 (1986) stating:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. '[T]h[e] standard [for

1986, for this charge.

**4.** A right to sue letter was issued on July 31, 1987, for this charge; however, it included a

determination of "No Reasonable Cause" for suit as pertained to the layoff claims only in this charge.

granting summary judgment] mirrors the standard for directed verdict under Federal Rule of Civil Procedure 50(a)....' *Anderson v. Liberty Lobby, Inc.,* [477] U.S. [242], [250], 106 S.Ct. [2505], [2511], 91 L.Ed.2d [202], [213] (1986).

*See also, St. Amant v. Benoit,* 806 F.2d 1294 (5th Cir.1987).

The plaintiff/non-moving party has taken no action whatsoever in this Motion for Summary Judgment, and the Court finds no evidence reasonably affording an inference to sustain the non-moving party's position. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 223 (5th Cir.1986). The Court does not have before it in support of the Motion for Summary Judgment the plaintiff's deposition and the affidavit of Charles H. Mitchell, the Director of Human Resources with J.E. Merit.

A. The Plaintiff's claim pursuant to 42 U.S.C. § 1983

 It is required that a plaintiff make a showing that a defendant acted "under color" of state law to support a claim under 42 U.S.C. § 1983. *Rendell–Baker v. Kohn,* 457 U.S. 830, 835, 102 S.Ct. 2764, 2768, 73 L.Ed.2d 418, 424 (1982). The alleged infringement of federal rights must be "fairly attributable to the state." *Rendell–Baker,* 457 U.S. at 838, 102 S.Ct. at 2770, 73 L.Ed.2d at 426. Walker's complaint does not allege any state action on the part of J.E. Merit, and the Court itself fails to find any such evidence. J.E. Merit is a private corporation which was providing construction services to a private corporation, Borg–Warner Chemicals. A private party can only act under color of state law if its behavior makes it a willful participant in joint activity with the State. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142, 151 (1970); *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 387 (5th Cir.1985). There is no showing by Walker that J.E. Merit was participating in a joint effort of discrimination with the state. As such, the defendant's motion for summary judgment as regards the plaintiff's claims brought pursuant to § 1983 is well taken and should be granted.

B. The Plaintiff's claims pursuant to Title VII and 42 U.S.C. Section 1981

 The plaintiff must show to support a claim under Title VII and § 1981 that J.E. Merit acted with a discriminatory purpose and that J.E. Merit intentionally discriminated on the basis of race. *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 715, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403, 410 (1983) (Title VII claim); *General Building Contractors Association, Inc. v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835, 849 (1982) (Section 1981 action); *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207, 215 (1981) (Title VII action); *Irby v. Sullivan,* 737 F.2d 1418, 1424 (5th Cir.1984) (Section 1981 action); *Redditt v. Mississippi Extended Care Centers, Inc.,* 718 F.2d 1381, 1385 (5th Cir. 1983) (Title VII action). In order to survive a motion for summary judgment, a plaintiff/non-moving party must produce enough evidence to raise an inference that intentional race discrimination occurred. *See Aquamina v. Eastern Airlines, Inc.,* 644 F.2d 506, 508 (5th Cir.Unit B May 1981); *Jones v. Dealers Tractor and Equipment Company,* 634 F.2d 180, 181 (5th Cir.Unit A Jan.1981). It appears to the Court that no evidence of racial discrimination has been offered by the plaintiff, speculative or otherwise; however, with all deference to the plaintiff, the Court will address the allegations raised in the EEOC charges. Absent the requisite elements to establish a prima facie case, there is no creation of a presumption of discrimination by the employer. *Burdine,* 450 U.S. at 254–55, 101 S.Ct. at 1094–95.

1. *The plaintiff's allegations of race discrimination for failure to promote*

 Walker has alleged discrimination by J.E. Merit by their failure to promote him to the position of general foreman in the piping department. In order to establish such a case, the plaintiff must prove:

(1) membership in a protected group;

(2) an application for an open job for which he he was qualified;

(3) rejection; and

(4) action by the employer in promoting or hiring a nonminority for the job or in continuing to seek nonminority applicants for that job.

*Uviedo v. Steves Sash & Door Company,* 738 F.2d 1425, 1428 (5th Cir.1984), *aff'd in relevant part* 753 F.2d 369 (5th Cir.1985), *cert denied,* 474 U.S. 1054, 106 S.Ct. 791, 88 L.Ed.2d 769 (1986), (citing *McDonnell–Douglas v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973)); *Page v. U.S. Industries, Inc.,* 726 F.2d 1038, 1055 (5th Cir.1984). *Accord, Jones v. Flagship International,* 793 F.2d 714, 724 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987). Walker has not shown that he was qualified for the job or that nonminorities were promoted to general foremen in the piping department.

Quite to the contrary, the record reflects that as for the plaintiff's qualities, Walker had never held a supervisory position until J.E. Merit promoted him to piping foreman in February of 1986.[5] By July of 1986, when Walker applied for a promotion, he had only six months of supervisory experience. Further, the affidavit of Charles H. Mitchell, the Director of Human Resources with J.E. Merit Constructors, Inc., reflects that initially, Walker's work performance and productivity as a foreman was below average. Mitchell further states that Walker experienced difficulty in working the detailed schedule required of foremen and in meeting work assignment deadlines.

It is also clear that J.E. Merit did not promote a nonminority in place of Walker as set forth in the Court's findings of facts. Although Walker was considered for the position, Eppinett and Cuevas, two minorities, were chosen due to their prior satisfactory supervisory experience and performance.

The defendant's motion for summary judgment as regards dismissal of the plaintiff's allegations of discrimination in promotion is well taken and should be granted.

*2. The plaintiff's allegations that he was retaliated against for filing a charge of race-discrimination.*

The plaintiff has alleged retaliatory discrimination, though not factually specified in the complaint, regarding actions taken by J.E. Merit in the form of a written reprimand, a reclassification or "demotion", and a subsequent layoff. The plaintiff must prove to show a prima facie case of retaliation under Title VII the following:

(1) that he engaged in activity protected by Title VII;

(2) that an adverse employment action occurred; and

(3) that there was a causal connection between the participation in the protected activity and the adverse employment decision.

*Jones v. Flagship International,* 793 F.2d 714, 724 (5th Cir.1986); *Irby v. Sullivan,* 737 F.2d 1418, 1426 (5th Cir.1984); *McMillan v. Rust College, Inc.,* 710 F.2d 1112, 1116 (5th Cir.1983).

As regards the written reprimand, Walker can make no showing of a causal connection between his filing an EEOC charge and this subsequent disciplinary action. The written reprimand for a safety violation by his crew was issued on September 2, 1986, and J.E. Merit did not receive notice of Walker's EEOC charge until September 3, 1986. Moreover, Walker was not the only foreman to whom a reprimand was issued. Rather, both whites and blacks were issued reprimands.

The Court also finds that as regards Walker's reclassification on October 6, 1986, and his layoff on October 23, 1986, there is also no evidence of a causal connection to the plaintiff's filing of a discrimination charge.

It is not uncommon for foremen to be reprimanded for safety violations by their crew and it is also typical for written reprimands to include notification of further

---

**5.** The plaintiff stated that he had been a "leadman", and had performed the duties of a super-visor, but that he had never obtained the position.

discipline and possible discharge. Additionally, during the same thirty-day period within which Walker was reprimanded, two white piping foremen were also reprimanded for safety violations by their crews.

■ The plaintiff's layoff was also not occasioned by acts of retaliatory discrimination. As set out in the findings of facts, the plaintiff's reclassification prevented his being laid off when major cutbacks in personnel were taking place at the project. During this time period twelve white and one American Indian foremen, none of whom had filed a discriminatory charge, were either reclassified or laid off.

Ultimately, by late October of 1986, the further cutbacks resulted in Walker's being laid off from his position as a pipefitter and, as previously stated, five white employees, in addition to Walker, were laid off. Charles H. Mitchell's affidavit, stating that neither Walker's race nor his filing of an EEOC charge entered into the decision for Walker to be laid off, also supports the conclusion that the plaintiff's layoff was not causally connected to the filing of an EEOC charge, as does the EEOC's statements in the "Notice of Right to Sue" letter issued on July 31, 1987, which included a determination that there existed "No Reasonable Cause" to believe that the allegation of retaliatory layoff was true in the filed Charge No. 131–87–0300.

■ The defendant has also submitted that Walker's retaliatory layoff claims are not properly before this Court because Walker instituted this action before receiving a "Notice of Right to Sue" from the EEOC on Charge No. 131–87–0300. The Court notes that a prematurely filed suit is subject to dismissal upon proper motion at any time prior to the receipt of statutory notice of the right to sue. However, as held in *Pinkard v. Pullman–Standard, A Division of Pullman, Incorporated,* 678 F.2d 1211, 1219 and n. 6 at 1219 (5th Cir. Unit B June 1982), *reh'g denied* 685 F.2d 1383 (Unit B Aug.1982), *cert. denied* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983), the receipt of a right to sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precondition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII.

Therefore, the Court finds that as there is no evidence before it to indicate that retaliatory actions were taken against Walker by J.E. Merit for his filing of an EEOC charge, summary judgment should be entered for J.E. Merit and the allegation of retaliation dismissed.